FILED

2013 JUN -4  PM 2: 27

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LYNCH, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>MATH-U-SEE, Inc.,<br><br>    Defendants | Case No. 13cv402-GPC (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOVANT DAN SINCLAIR'S MOTION TO QUASH AND/OR LIMIT SUBPOENA DUCES TECUM** |

## Introduction

Dan Sinclair moves to quash an out-of-district subpoena. (ECF No. 1.)[1] Plaintiff, Susan Lynch, subpoenaed non-party Dan Sinclair for: (1) all documents reflecting communications with Steven Demme, Ethan Demme, Math-U-See, Inc., and Pastor Roger Erdvig from January 1, 2009 to December 31, 2010;  (2) all documents concerning Susan Lynch, Jim Angle, Lisa Angle, and Paula Holmes (no time-frame specified); (3) all documents reflecting current distributor arrangements or agreements with Math-U-See, Inc.; (4) all documents sufficient to show how Sinclair meets and keeps PCI compliance as a distributor for Math-U-See, Inc.; and, (5) all documents concerning changes in the representative model of Math-U-See, Inc. (ECF No. 1, Exh. A). Sinclair moves to quash and/or limit the

---

[1] The out-of-district civil action to which Mr. Sinclair refers is captioned: *Susan Lynch, et al. v. Math-U-See, Inc.*, 3:11-cv-00233-JD-CAN.

13cv402-GPC (WMc)

1   subpoena because he contends compliance with the subpoena imposes a undue

2   burden and significant expense. (ECF No. 1). Sinclair requests 90 days from the

3   original date of service to comply with the subpoena, and to be compensated

4   reasonable expenses associated with producing the requested documents. (*Id.*)

5   **Applicable Law**

6          Rule 45 of the Federal Rules of Civil Procedure authorizes a party to issue a

7   subpoena to command a non-party to produce designated documents,

8   electronically stored information, or tangible things in its possession, custody or

9   control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through

10  subpoena is the same as that applicable to Rule 34 and the other discovery rules."

11  *Id.* Advisory Committee Notes (1970). Rule 34 states "[a] party may serve on any

12  other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule

13  26(b) states "[p]arties may obtain discovery regarding any nonprivileged matter

14  that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). "Relevant

15  information need not be admissible at the trial if the discovery appears reasonably

16  calculated to lead to the discovery of admissible evidence." *Id.* Indeed, "[a] district

17  court whose only connection with a case is supervision of discovery ancillary to an

18  action in another district should be especially hesitant to pass judgment on what

19  constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court

20  should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal.

21  March 17, 2006) (citing *Truswal Sys. Corp. v. Hydro–Air Engineering, Inc.*, 813

22  F.2d 1207, 1211–1212 (Fed. Cir. 1987). However, discovery is subject to certain

23  limitations and is not without "ultimate and necessary boundaries." *Id.* at 680

24  (citing *Pacific Gas and Elec., Co. v. Lynch*, No. C-01-3023, 2002 WL 32812098,

25  at *1 (N.D.Cal. August 19, 2002).

26         A non-party commanded to produce documents and tangible things may

27  serve objections to any of the documents or materials sought or may move to

28  quash or limit the subpoena. Fed. R. Civ. P. 45(c). In addition, "a party or attorney

1  responsible for issuing and serving a subpoena must take reasonable steps to avoid

2  imposing undue burden or expense on a [non-party] subject to a subpoena." Fed.

3  R. Civ. P. 45(c)(1). "Rule 26(c) and Rule 45(c) (3) give ample discretion to district

4  courts to quash or modify subpoenas causing 'undue burden.' " *Exxon Shipping*

5  *Co. v. U.S. Dept. of Interior, et al.*, 34 F.3d 774, 779 (9th Cir. 1994).

6      As a general matter, courts consider four factors in determining whether to

7  award costs associated with production: (1) the scope of the discovery; (2) the

8  invasiveness of the request; (3) the extent to which the producing party must

9  separate responsive information from privileged or irrelevant material; and, (4) the

10 reasonableness of the costs of production. *See, e.g., United States v. Columbia*

11 *Broadcasting System, Inc.*, 666 F.2d 364, 372, fn. 9 (9th Cir. 1982). "While these

12 considerations are important, we do not view them as inflexible or exclusive." *Id.*

13 "[A] witness's nonparty status is an important factor to be considered in

14 determining whether to allocate discovery costs on the demanding or the

15 producing party." *Id.* at 372.

16 **Discussion**

17     Sinclair alleges he, and/or his associates, will have to review thousands of

18 emails from five different email addresses Sinclair used to communicate with the

19 individuals identified in the subpoena. Sinclair contends he will have to open and

20 review each email to see if it pertains to the individuals identified. Sinclair

21 estimates between 10,000 and 12,000 emails need to be opened, reviewed, and

22 downloaded in order to comply with the subpoena. Sinclair contends it will take

23 approximately 200 hours to fully comply with the subpoena. Based on a sampling

24 of fifty emails, Sinclair contends it takes about 3.6 minutes to open, review and

25 download each email.

26     Lynch contends the actual burden is not as great as Sinclair estimates.

27 Indeed, Lynch contends it would take Sinclair approximately ten minutes per

28 individual to locate and download the relevant emails. Lynch contends the

1  subpoena request does not require the sorting of emails beyond identifying emails
2  sent to or from the named individuals. Furthermore, Lynch agrees to limit the
3  request to (1) documents reflecting communications with Steven Demme, Ethan
4  Demme, Math-U-See, Inc., and Pastor Roger Erdvig from January 1, 2009 to
5  December 31, 2010, (2) all documents reflecting Sinclair's current distributor
6  arrangements or agreements with Math-U-See, Inc., (3) all documents sufficient to
7  show how Sinclair meets and keeps PCI compliance as a distributor for Math-U-
8  See, Inc., and (4) all documents concerning changes in the representative model of
9  Math-U-See, Inc.

10  The crux of Sinclair's motion to quash focuses on the production of emails
11  sent to or from Steven Demme, Ethan Demme, Math-U-See, Inc., and Pastor
12  Roger Erdvig, and emails concerning Susan Lynch, Jim Angle, Lisa Angle, and
13  Paula Holmes. Sinclair seeks compensation and extra time for complying with the
14  subpoena because, Sinclair alleges, production of the emails requires the need to
15  sort and review the documents requested.

16  However, Sinclair *does not* articulate a specific reason for his alleged need
17  to review the emails to determine if they are relevant to the documents requested.
18  Lynch's subpoena seeks, in part, *all* documents reflecting communications with
19  certain individuals during a specific time period. A responsive production for *all*
20  documents reflecting communications (emails) with certain individuals would
21  include *all* emails sent to or received from those individuals during that period.
22  This request, though possibly over-broad, makes identifying responsive emails
23  relatively simple. For example, a responsive production of all documents
24  reflecting communications with Steven Demme for the relevant time period would
25  include all emails on each of Sinclair's (5) email servers sent to or from Steven
26  Demme (including carbon copies and forwarded emails). Assuming Sinclair's
27  email software can sort emails by sender or receiver and date, Sinclair should be
28  able to locate the responsive emails quickly.

1    Moreover, in light of Lynch's amenability to limiting the request to exclude
2  "all documents concerning Susan Lynch, Jim Angle, Lisa Angle, and Paula
3  Holmes," there is no need for Sinclair to *substantively* review and sort relevant
4  emails. The Court makes a distinction between a request for documents *reflecting*
5  *communications with* individuals and a request for documents *concerning*
6  individuals. The Court interprets Lynch's request for "documents reflecting
7  communications with Steven Demme, Ethan Demme, Math-U-See, Inc., and
8  Pastor Roger Erdvig from January 1, 2009 to December 31, 2010," to include only
9  emails in which those named individuals were included as recipients or senders
10  (including carbon copy recipients and forwarding senders). By comparison, an
11  email *concerning* an individual does not necessarily have to be sent to that
12  individual. For example, documents reflecting communications with A or B
13  necessarily include emails send to or from A or B whereas documents concerning
14  A or B might not necessarily be sent to or from A or B and might not mention A or
15  B. Therefore, substantive review may be necessary to discover documents
16  *concerning* an individual whereas substantive review is not necessary to discover
17  if an email was sent to or from an individual. Because Lynch has voluntarily
18  limited her request to exclude the production of emails *concerning* particular
19  individuals, Sinclair's need to substantively review emails is negated.
20    Nevertheless, Sinclair is a non-party in the underlying action and, therefore,
21  is entitled to the reasonable costs of production. *See In re First American Corp.*,
22  184 F.R.D 234, 240 (S.D.N.Y. 1998). The Court has discretion under Rule 45 to
23  award costs before or after production. *See United States v. Columbia*
24  *Broadcasting System, Inc.*, 666 F.2d 364, 368 (9th Cir. 1982). The Court is
25  inclined to set the reasonable costs before production is complete so the producing
26  party cannot be accused of manipulating the production to increase the award.
27  Capping the award at the outset furthers the interests of all concerned because it
28  streamlines production and the payment of costs.

After considering the briefing and declarations, the Court finds $420.00 is a reasonable award of costs. The Court based this finding on the following calculus. The Court accepts Sinclair's $15.00 per hour rate because the Court finds $15.00 is a reasonable hourly rate for what is largely clerical-type work. The Court also finds four hours per email server is a reasonable amount of time to identify and download the requested email communications. The Court finds an additional eight hours is reasonable to locate and submit the documents described in the other requests, which may or may not include emails. Thus, four hours times five servers, plus eight hours for the additional requests, comes to twenty-eight hours total – $15.00 dollars per hour for twenty-eight hours equals $420.00.

In addition to seeking costs, Sinclair also requests 90 days from original date of service to comply with the subpoena. The subpoena was served February 6, 2013. As of the date of this order, Sinclair has had over 90 days to comply. Moreover, the Court recognizes Sinclair is a non-party to the underlying action and, therefore, the Court grants Sinclair until July 10, 2013, to comply with the subpoena.

**Conclusion**

Based on the foregoing reasons, Sinclair's motion to quash and/or limit the subpoena is granted in part and denied in part.

The motion is granted in part insofar as the Court modifies the subpoena to include a production deadline of July 10, 2013, and modifies the scope of the subpoena to include the production of (1) documents reflecting communications with Steven Demme, Ethan Demme, Math-U-See, Inc., and Pastor Roger Erdvig from January 1, 2009 to December 31, 2010; (2) all documents reflecting Sinclair's current distributor arrangements or agreements with Math-U-See, Inc.; (3) all documents sufficient to show how Sinclair meets and keeps PCI compliance as a distributor for Math-U-See, Inc.; and, (4) all documents concerning changes in the representative model of Math-U-See, Inc.

1       The motion quash is denied in part because Sinclair must respond to

2   modified subpoena requests listed above. However, the Court orders Lynch to pay

3   Sinclair $420.00 as reasonable compensation for compliance with the modified

4   subpoena. *See* Fed. R. Civ. P. 45(c)(b)(C)(ii). Lynch must pay Sinclair the $420.00

5   on or before July 10, 2013.

6       **IT IS SO ORDERED.**

7   DATED: June 4, 2013

8                               Hon. William McCurine, Jr.

9                               U.S. Magistrate Judge
                              U.S. District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28